UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NAKUL KARKARE,

    Plaintiff,

-against-

MERITAIN HEALTH,

    Defendant.

**MEMORANDUM AND ORDER**  Case No. 22-CV-3697 (FB) (AYS)

*Appearances:*
*For the Plaintiff*:
ROBERT J. AXELROD
Axelrod LLP
1465 5th Ave, Suite #7d
New York, NY 10035

*For Defendant*:
KATHERINE M. KATCHEN
Robinson & Cole LLP
1650 Market Street, Suite 3630
Philadelphia, PA 19103

**BLOCK, Senior District Judge:**

    Plaintiff Nakul Karkare ("Karkare") brought this action against Defendant Meritain Health ("Meritain") under the Employee Retirement Income Security Act of 1974 ("ERISA"). Meritain now moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, Meritain's motion is GRANTED and the Complaint is dismissed.

## I. SUMMARY OF THE ALLEGATIONS

    The following facts are taken from the Complaint. Karkare brings this action as "attorney-in-fact on behalf of" a patient on whom he performed surgery at

1

Syosset Hospital on September 4, 2021. Compl. ¶ 27, 13. Karkare is affiliated with AA Medical, P.C., ("AA") an "out-of-network provider." Compl. ¶ 3. Meritain is "a self-funded trusteed plan, under which the patient of [Karkare's] professional practice group, AA Medical, was a plan beneficiary." Compl. ¶ 2. Karkare claims that Meritain under-reimbursed AA for the surgery—after Karkare submitted an invoice for $96,360.89, Meritain paid only $1,036.10, "leaving an unreimbursed amount of $95,324.79, which is the responsibility of the Patient." Compl. ¶ 5.

Karkare appealed the reimbursement determination, to which Meritain did not respond. Karkare claims that Meritain failed to provide a reasonable claims procedure and other information in violation of ERISA. He states that this failure means that he should be deemed to have exhausted the administrative remedies available under the plan. He sues under ERISA § 502(a), 29 U.S.C. § 1132(a)(1)(B).

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] court may consider the complaint as well as any written instrument attached to [the complaint] as an exhibit" in making this determination. *Kalyanaram v. Am. Ass'n of Univ. Professors at New York Inst.*

2

of Tech., Inc., 742 F.3d 42, 44 n.1 (2d Cir. 2014) (internal quotation omitted). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 550 U.S. at 555. "[T]he proper question is whether there is a permissible relevant inference from all of the facts alleged, taken collectively, not whether an inference is permissible based on any individual allegation, scrutinized in isolation." Kaplan v. Lebanese Canadian Bank, SAL, 999 F.3d 842, 854 (2d Cir. 2021) (internal quotation omitted).

### III. DISCUSSION

Karkare lacks standing to sue under ERISA § 502(a)(1)(B). ERISA limits § 1132(a) benefits claims to participants and beneficiaries of an ERISA plan. 29 U.S.C. § 1132(a)(1). Karkare is neither a participant nor beneficiary of an ERISA plan; that he provided medical services to a participant or beneficiary does not confer him a right of action under § 1132(a)(1)(B). See Am. Psychiatric Ass'n v. Anthem Health Plans, Inc., 821 F.3d 352, 360 (2d Cir. 2016) (healthcare providers who "are not among those expressly authorized to sue . . . lack a cause of action

3

under ERISA"). A provider can sue if assigned a claim by their patient, but Karkare does not purport to have been assigned a claim here. *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 329 (2d Cir. 2011).

Karkare tries to circumvent these requirements by invoking his power of attorney on behalf of the patient. But "a power of attorney is insufficient for a provider to bring suit on behalf of a patient under ERISA" in the Second Circuit. *Karkare on behalf of JP v. Aetna Life Ins. Co.*, No. 21CV07152MKBLGD, 2022 WL 17787619 (E.D.N.Y. Nov. 7, 2022) (citing *Am. Psychiatric Ass'n*, 821 F.3d at 358); *see W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008) (unlike an assignment of claims, a power of attorney "does not confer standing to sue in the holder's own right because a power-of-attorney does not transfer an ownership interest in the claim"); *Raymond A. Semente, D.C., P.C. v. Empire Healthchoice Assurance, Inc.*, 523 F. Supp. 3d 269, 282 (E.D.N.Y. Mar. 2, 2021) ("powers of attorney . . . do not confer standing upon" a provider to assert an ERISA benefits claim on behalf of a patient). Cases Karkare cites to the contrary do not involve ERISA plans. *See Brainbuilders LLC v. EmblemHealth, Inc.*, 2022 WL 3156179 140874, at *15 (S.D.N.Y. Aug. 8, 2022) (holding in the context of a non-ERISA plan that "a grant of a power of attorney may entitle the holder to bring a lawsuit in the name of the grantor"). "[B]ecause ERISA unambiguously provides that a civil action may be brought by a participant,

4

beneficiary, or fiduciary, . . . courts have consistently read this provision as strictly limiting the universe of plaintiffs who may bring certain civil actions." *Karkare on behalf of JP v. Aetna Life Ins. Co.*, No. 21CV7152MKBLGD, 2023 WL 2731732, at *4 (E.D.N.Y. Mar. 31, 2023) (distinguishing *Brainbuilders* from claims involving ERISA plans). Because Karkare lacks statutory standing under ERISA, his Complaint must be dismissed.

### IV. CONCLUSION

Meritain's motion to dismiss is granted and the Complaint is dismissed with prejudice.

**SO ORDERED.**

                                              _/S/ Frederic Block_____
                                              FREDERIC BLOCK
                                              Senior United States District Judge

Brooklyn, New York
August 1, 2023